IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| SARAH ELIZABETH WENDT GIBSON PALMER, on behalf of herself and others similarly situated, | CIVIL ACTION FILE NO. |
| Plaintiff, | |
| v. | **COMPLAINT – CLASS ACTION** |
| LA ROSA REALTY, LLC | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff Sarah Elizabeth Wendt Gibson Palmer (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of

1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. This case involves a campaign by La Rosa Realty, LLC ("La Rosa Realty") to attempt to recruit and hire real estate agents using pre-record messages, despite not having the requisite consent to contact those individuals.

3. Because the calls were made using technology capable of and intended for generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

4. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

5. Plaintiff Sarah Elizabeth Wendt Gibson Palmer is an individual citizen and resident of Polk County, Florida.

6. Defendant La Rosa Realty, LLC is a Florida limited liability company headquartered in this District.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

8. La Rosa Realty is subject to personal jurisdiction because it is based on this District and made calls to the Plaintiff from this District.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the Defendant is based in this District, and made the illegal calls that are the subject of this putative class action lawsuit from this District.

## TCPA BACKGROUND

10. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii).

## FACTUAL ALLEGATIONS

11. Defendant La Rosa Realty is a "person" as the term is defined by 47 U.S.C. § 153(39).

12. The Plaintiff did not provide her prior express written consent to receive the calls at issue.

Calls to Plaintiff

13. Plaintiff's telephone number, 863-XXX-9225, is a cellular telephone line.

14. Ms. Palmer received pre-recorded calls from La Rosa Realty on at least January 2, 9 and August 23, 2023.

15. All of the calls came from 407-901-9636.

16. The pre-recorded message stated that the caller was interested in having the call recipient "join their family" and to call back 407-901-9636.

17. Other individuals have complained about receiving robocalls from that number. *See e.g.* https://lookup.robokiller.com/p/407-901-9636

18. The Defendant is soliciting real estate agents to work for the Defendant.

19. The Plaintiff had no relationship with the Defendant and did not provide her consent for the Defendant to call her.

20. Prior to the filing of this lawsuit, the Plaintiff wrote to the Defendant.

21. The Defendant did not deny making the pre-recorded calls.

22. Plaintiff and all members of the Class defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were subjected to annoying and harassing calls and text messages that constitute a nuisance. The calls also occupied Plaintiff's telephone line from legitimate communication.

## CLASS ACTION ALLEGATIONS

23. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of the following Class of persons or entities similarly situated throughout the United States.

24. The Class of persons Plaintiff proposes to represent are tentatively defined as:

PRERECORDED CLASS

> All persons within the United States to whom: (a) Defendant or a third party acting on its behalf, made one or more telephone calls; (b) to a cellular telephone number; (c) through the use of a prerecorded voice; and (d) on or after four years from the filing of this lawsuit up until trial.

25. Excluded from the Class are the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

26. The Class as defined above are identifiable through phone records and phone number databases.

27. The potential class members number at least in the thousands. Individual joinder of these persons is impracticable.

28. Plaintiff is a member of the Class.

29. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

   a. Whether Defendant made calls using a prerecorded voice;

  b. Whether Defendant placed calls without obtaining the recipients' prior express consent for the call; and

  c. Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendant's actions.

30. Plaintiff's claims are typical of the claims of class members.

31. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class, she will fairly and adequately protect the interests of the Class, and is represented by counsel skilled and experienced in class actions, including TCPA class actions.

32. The actions of the Defendant are generally applicable to the Class as a whole and to Plaintiff.

33. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

34. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## Legal Claims

### Count One
### Violation of the TCPA's Automated Telemarketing Call Provisions

35. Plaintiff incorporates the allegations from paragraphs 1-34 as if fully set forth herein.

36. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating, or having one of its vendors initiate on its behalf, a call that includes an advertisement or constitutes telemarketing to the Plaintiff's cellular telephone number using a pre-recorded voice without her prior express written consent.

37. Defendant's violations were negligent and/or willful.

## RELIEF SOUGHT

For himself and all members of the Class, Plaintiff requests the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, from using pre-recorded messages;

F. An award to Plaintiff and the Class of damages, as allowed by law;

G. Leave to amend this Complaint to conform to the evidence presented at trial; and

H. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: January 3, 2024

PLAINTIFF, on behalf of herself and others similarly situated,

*/s/ Avi R. Kaufman*
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 S. Dixie Hwy, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881